NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3288
_____

MIGUEL ANGEL LOPEZ-PEREZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A206-766-430)
Immigration Judge:  Steven A. Morley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 7, 2022

Before: HARDIMAN, SHWARTZ, and NYGAARD, *Circuit Judges*

(Opinion filed: November 1, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

NYGAARD, *Circuit Judge.*

Miguel Angel Lopez-Perez petitions for review of an order of the Board of Immigration Appeals finding him ineligible for asylum and withholding of removal under the Immigration and Nationality Act and denying his application for deferral of removal under the Convention Against Torture. We will deny the petition.

I.

In May 2014, Petitioner Miguel Angel Lopez-Perez, a citizen of Guatemala, entered the United States at the age of 16 without inspection. He filed an application for asylum and withholding of removal under sections 208 and 241(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158 and 1231(b)(3), and sought protection under the Convention Against Torture (CAT). 8 C.F.R. § 208.16(c). He claimed membership in two particular social groups (PSGs): (1) "young Guatemalan males threatened for recruitment by gangs"; and (2) "young Guatemalan males who reject gangs because of Evangelical faith." AR 44.

The Immigration Judge (IJ) denied all relief. The IJ found that Lopez-Perez failed to establish past persecution. When he was a child, gang members had him deliver packages for them. Once, when he refused, he was beaten up, causing a cut on his forehead. At other times, gang members threatened to harm him or his family if he rebuffed them. The IJ determined that, even when considered in totality with the single physical altercation, the threats were insufficient to show past persecution because they were not concrete or imminent, but always conditional. The IJ also found the evidence insufficient to conclude that Lopez-Perez presently faced a well-founded fear of future

2

persecution merely because as a young teenager he had been threatened for recruitment by gangs. Indeed, when he testified before the IJ, he was nearly 22 years old, and the gangs had stayed away when he was with an adult. His basis for fear of persecution, then, amounted to a general fear of gang violence, which is an insufficient basis for asylum.

The IJ also found no nexus between being a young Evangelical Christian who rejects gangs and persecution, because there was no evidence the gangs had ever harmed or threatened Lopez-Perez due to his faith. At most, he testified that he felt uncomfortable and that people "didn't care" about his religious beliefs and proselytizing. AR 222. The IJ concluded that on this PSG or as an independent claim of religion-based asylum, he failed to meet his burden of proof to show that he faced a future well-founded fear of harm.

Lopez-Perez appealed the denial of asylum, withholding of removal, and protection under the CAT. The Board of Immigration Appeals (BIA) affirmed, reasoning that Lopez-Perez failed to establish past persecution, to show a nexus between his PSGs and the past harm he suffered, and to demonstrate a well-founded fear of future persecution. He then petitioned for our review.

II.[1]

Lopez-Perez's petition for review of the BIA's order challenges only its denial of asylum and withholding of removal.[2] He does not address his CAT claims.[3]

The record leads us to conclude that Lopez-Perez has not shown that he is a refugee unable or unwilling to return Guatemala "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The BIA's findings of fact as to past persecution and well-founded fear of persecution are supported "under the deferential substantial evidence standard[.]" *Doe v. Att'y Gen.*, 956 F.3d 135, 140 (3d Cir. 2020) (citation omitted). Lopez-Perez's evidence of a single physical altercation and conditional threats do not amount to past persecution for asylum. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) (persecution "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or

---

[1] We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a)(1). This appeal was timely filed. 8 U.S.C. § 1252(b)(1). Venue is proper because the removal proceedings were completed in Philadelphia, Pennsylvania. 8 U.S.C. § 1252(b)(2).

[2] When, as here, the BIA issues its own, reasoned decision and not a summary affirmance, we review its decision, rather than the decision of the IJ. *Sheriff v. Att'y Gen.*, 587 F.3d 584, 588 (3d Cir. 2009). Nonetheless, "to the extent the BIA deferred to or adopted the [IJ's] reasoning," we may consider both opinions on those issues. *Mendoza-Ordonez v. Att'y Gen.*, 869 F.3d 164, 169 (3d Cir. 2017) (citation omitted). On the BIA's legal conclusions, our review is de novo. *Id.* On the facts, we "decide the petition only on the administrative record" and treat factual findings grounding the final order as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252 (b)(4)(A)-(B).

[3] Lopez-Perez has waived any argument for withholding of removal under the CAT by failing to brief the issue. *See Singh v. Att'y Gen.*, 12 F.4th 262, 268 n.4 (3d Cir. 2021).

unconstitutional"). What's more, the evidence does not show that he will face future persecution in Guatemala on account of his PSG of young men threatened for recruitment by gangs because he showed only that gangs wanted young children to deliver packages; at the time of his hearing before the IJ, he was about 22 years old. *Cf.* 8 C.F.R. § 1208.13(b)(1)(i)(A).

In addition, even though he claimed persecution in Guatemala as a young man who rejected gangs as a consequence of his Evangelical Christian faith, no evidence supports harms or threats to him because of his religion. Whether based on this proposed PSG or an independent claim based on religion, the BIA did not err by concluding that his application for asylum fails.

Petitioner's failure to show a reasonable probability that he has a well-founded fear of persecution for his asylum application means that he has failed to meet the higher standard for withholding of removal—that it is "more likely than not" that he will be persecuted. *See Cazun v. Att'y Gen.*, 856 F.3d 249, 252 n.3 (3d Cir. 2017) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-32 (1987)). Substantial evidence supported the BIA's conclusions. We have considered Petitioner's other arguments and found them meritless.

\* \* \*

For these reasons, we will deny Lopez-Perez's petition for review.